IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY ARNOLD ORSO, JR., #296904, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:21-CV-267-RAH ) [WO] |
| JAMES BYRD, | ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. §1983 action is pending before the court on a complaint filed by Ricky Arnold Orso, Jr., an indigent state inmate currently incarcerated at the Staton Correctional Facility. In this complaint, Orso challenges the legal representation provided to him by James Byrd, an attorney retained to represent him on state criminal cases and at a recent parole proceeding. Doc. 1 at 3–4; Doc. 1-1. Orso seeks monetary damages from the defendant. Doc. 1 at 4.

Upon review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISCUSSION**

Orso alleges that James Byrd, an attorney retained to represent him, violated his constitutional rights when Byrd failed to appear on his behalf during various state court criminal proceedings and at a recent parole consideration hearing. Doc. 1 at 3–4; Doc. 1-1. Orso is entitled to no relief on his claims under 42 U.S.C. § 1983.

---

[1] The court granted Orso leave to proceed *in forma pauperis* in this cause of action. Doc. 3. Screening of the complaint is therefore required under 28 U.S.C. § 1915(e)(2)(B). This screening procedure empowers the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

An essential element of a § 1983 action is that a person acting under color of state law effected the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires **both** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," **and** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an individual in state criminal proceedings or parole matters does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since defendant Byrd was not acting under color of state law, the § 1983 claims presented against him lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff may file objections to this Recommendation on or before April 21, 2021. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 6th day of April, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge